GODERICH, Judge.
The plaintiff, Doreen McCann, appeals from a final summary judgement entered in favor of SeaEscape Limited, Inc. [SeaEs-cape]. We affirm.
Ms. McCann filed a complaint seeking damages for injuries suffered while a passenger aboard a vessel operated by SeaEscape. She alleged that during a show one of the male dancers kicked up his leg and struck her on the nose. The dancer worked for Strip-O-Gram which had an agreement with SeaEscape to provide the dancers to perform aboard SeaEscape’s vessels. SeaEscape answered, asserted its affirmative defenses, and filed a motion for summary judgment based on the premise that the negligent act of an independent contractor could not be imputed to it. SeaEscape denied any agency relationship between it and Strip-O-Gram. The trial court granted SeaEscape’s motion for summary judgment.
The plaintiff appealed alleging that under admiralty law an agency relationship existed between Strip-O-Gram and SeaEscape which made SeaEscape responsible for the acts of those working aboard. The -plaintiff relied on Archer v. Trans/American Servs., Ltd., 834 F.2d 1570, 1573 (11th Cir.1988) which held that the cruise ship company could not contract out the “important cruise ship function” of preparing and serving the food and thereby insulate itself of all liability which might arise from that service. However, under this analysis, if a service is not considered essential to the operation of the vessel it could be contracted out.
Entertainment has not been held to be an essential part of the operation of a vessel nor has the status of entertainers been judicially defined by the courts. 1 Martin J. Norris, The Law of Seaman § 2:3 (1985). The test for seaman status is found in Offshore Co. v. Robison, 266 F.2d 769 (5th Cir.1959). Robison requires that (1) the individual must be permanently assigned to a vessel or perform a substantial part of his work on a vessel; and (2) the duties he was required to perform contributed to the function of the vessel. In the instant case, the dancer was not permanently assigned to any vessel or to the cruise ship company. Thus, he could not be considered a member of the crew.
Furthermore, McCann’s reliance on Archer v. Trans/American Services, Ltd., 834 F.2d 1570 (11th Cir.1988) is erroneous. Archer involved a determination of the plaintiffs status as a seaman for purposes of maintenance and cure. The case did not involve an alleged passenger injury, but injury to a seaman. The court in Archer had ample facts in the record before it that allowed it to find an agency relationship. The plaintiff in Archer was permanently attached to the vessel as a seaman whereas in the present case the dancer was on board the vessel pursuant to an agreement between SeaEscape and Strip-O-Gram. There is no evidence in the record that the dancer was permanently attached to the vessel as a crew member. There is nothing in the record establishing that SeaEscape had the right to control how the act was performed nor did SeaEscape pay the dancer’s salary.
The trial court properly entered summary judgment in favor of SeaEscape.
Affirmed.